IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | No. 3:17-cr-00305-L-1 |
| § | |
| DONALD ANDRE JACOBS, § | |
| #35074-177, § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Donald Andre Jacobs' ("Jacobs") "Motion to Dismiss" (Doc. 94) and "Motion for Appointment of Counsel" (Doc. 95). As discussed below, the court construes Jacobs' Motion to Dismiss as a motion under Federal Rule of Criminal Procedure 33 and **denies** it, and his Motion for Appointment of Counsel is also **denied**.

### I. Background

Jacobs pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On February 14, 2019, the court sentenced him to 114 months' imprisonment. Jacobs appealed to the Fifth Circuit Court of Appeals. On January 14, 2020, the Fifth Circuit vacated Jacobs' sentence and remanded the case for resentencing pursuant to its holding in *United States v. Herrold*, 941 F.3d 173, 182 (5th Cir. 2019) (en banc), which on remand from the Supreme Court held that a burglary conviction under Texas Penal Code § 30.02(a)(3) qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"). On May 9, 2022, a resentencing hearing was held, and the court sentenced Jacobs to 183 months and twenty-four days. Jacobs did not appeal to the Fifth

Circuit. On July 31, 2023, the court received Jacobs' pending Motions. *See* (Docs. 94, 95).

## II. Discussion

**1. Motion to Dismiss**

In Jacobs' Motion to Dismiss, he argues that the text of the Second Amendment to the United States Constitution covers the possession of a firearm that is criminalized in § 922(g)(1). (Doc. 94 at 3) (citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. ___, 142 S. Ct. 2111, 2136, 213 L.Ed.2d 387 (2022)). Jacobs further argues that "[s]ection 922(g)(1) is unconstitutional as applied," and the government cannot demonstrate the application of § 922(g)(1) to him is consistent with the nation's historical tradition for regulating firearms. *Id.* at 8. Jacobs concludes that considering this legal ground making his conviction under § 922(g)(1) unconstitutional as applied, the court should grant his Motion to Dismiss. *Id.*

The court liberally construes Jacobs' Motion to Dismiss as a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rule 33(a) allows the court, upon a defendant's motion, to "vacate any judgment and grant a new trial if the interest of justice so requires." "[M]otions for new trial are not favored, and are granted only with great caution." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997) (citation omitted). Consequently, "[t]he remedy of a new trial is rarely used; it is warranted only where there would be a miscarriage of justice or where the evidence preponderates heavily against the verdict." *Id.*

2

(citation and internal quotation marks omitted); *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004) (explaining that a motion for a new trial should not be granted "unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict. A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant."). In expounding on this standard and to assist district courts in deciding whether to grant a Rule 33 motion, the Fifth Circuit has stated as follows:

> In determining whether to grant the motion, the district court must carefully weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial, but must not entirely usurp the jury's function, or simply set aside a jury's verdict because it runs counter to [the] result the district court believed was more appropriate.
>
> Setting aside a jury's guilty verdict in the interests of justice may be appropriate under circumstances [when] the evidence brought forth at trial may tangentially support the verdict, but in actuality, preponderates sufficiently heavily against the verdict such that a miscarriage of justice may have occurred. Similarly, while vested with discretion to grant a new trial pursuant to Rule 33 if necessary in accordance with the interests of justice, we have observed that this power should be exercised infrequently by district courts, unless warranted by exceptional circumstances.

*United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (internal quotation marks and citations omitted.

Jacobs' Rule 33 motion fails because he did not have a trial, and his Rule 33 motion is not timely filed. Rule 33 is not available to a defendant who pleads guilty. *See Williams v. United States*, 290 F.2d 217, 218 (5th Cir. 1961) (per curiam) ("A motion for new trial [under Rule 33] would not be the way of raising the question of the validity of the plea of guilty."); *United States v. Hester*, No. 98-20771, 1999 WL 1131968, at *1 (5th Cir. Nov. 18, 1999) (per curiam) ("[The defendant's] guilty plea forecloses Rule 33 as a means of attacking the validity of that plea or the resulting conviction."); *United States v. Malkiewicz*, No. 96-50225, 1996 WL 762943, at *1 (5th Cir. Dec. 20, 1996) (per curiam)

3

("A motion for new trial is not available to [the defendant] because she pleaded guilty."); *see also United States v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995) ("By its express terms, Rule 33 is confined to those situations in which a trial has been had."). Jacobs pleaded guilty, and he did not have a trial. Thus, Jacobs is not entitled to relief under Rule 33, and his Rule 33 motion is **denied**.

Even if Jacobs had a trial and his Rule 33 motion were properly filed, it is untimely. Jacobs' Rule 33 motion was not based on "newly discovered evidence," which would have allowed him three years after the verdict or the court's finding of guilt to file his Rule 33 motion. Fed. R. Crim. P. 33(b)(1). Rather, Jacobs' motion falls under "[o]ther grounds," and it had to be filed within fourteen days after the verdict or the court's finding of guilt. *See* Fed. R. Crim. P. 33(b)(2). The amended judgment was entered on May 11, 2022, but Jacobs did not file his Rule 33 motion until July 25, 2023. Jacobs filed his Rule 33 motion over a year after the amended judgment was entered, and it is untimely.

**2. Motion for Appointment of Counsel**

Jacobs has also filed a Motion for Appointment Of Counsel, seeking the assistance of an attorney under 18 U.S.C. § 3006A to represent him in the court's proceedings to address his Motion to Dismiss. (Doc. 95 at 1.) Jacobs argues that he is currently in the custody of the Bureau of Prisons ("BOP"), and he is being held at Federal Correctional Institution ("F.C.I.") McDowell, located in Welch, West Virginia. *Id.* at 2. Jacobs further argues that F.C.I. McDowell is on a lockdown due to COVID-19, and the appointment of counsel will assist him and the court. *Id.* As discussed, Jacobs is not entitled to relief under Rule 33 because he did not have a trial, and his Rule 33 motion is untimely. Therefore, Jacobs' Motion for Appointment of Counsel is **denied** as moot.

4

### III. Conclusion

For the foregoing reasons, Jacobs' Motions (Docs. 94, 95) are **denied**.

**It is so ordered** this 20th day of October, 2023.

_____
Sam A. Lindsay
United States District Judge